| | |
|---|---|
| ZIMMERMAN REED LLP<br>Caleb Marker (SBN 269721)<br>  E-mail: caleb.marker@zimmreed.com<br>Flinn T. Milligan (SBN 323042)<br>  Email: flinn.milligan@zimmreed.com<br>Arielle Canepa (SBN 329546)<br>  Email: arielle.canepa@zimmreed.com<br>2381 Rosecrans Avenue, Suite 328<br>Manhattan Beach, CA 90245<br>(877) 500-8780 Telephone<br>(877) 500-8781 Facsimile<br><br>*Attorneys for Plaintiff and the Proposed Class* | BUCKLEY LLP<br>JAMES R. McGUIRE (State Bar No. 189275)<br>jmcguire@buckleyfirm.com<br>LAUREN L. ERKER (State Bar No. 291019)<br>lerker@buckleyfirm.com<br>201 Mission Street, 12th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 619-3500<br>Facsimile: (415) 619-3505<br><br>MICHAEL A. ROME (State Bar No. 272345)<br>mrome@buckleyfirm.com<br>100 Wilshire Boulevard, Suite 1000<br>Santa Monica, CA 90401<br>Telephone: (310) 424-3900<br>Facsimile: (310) 424-3960<br><br>*Attorneys for Defendant Opportunity Financial, LLC* |
| LAW OFFICE OF LAURA SULLIVAN<br>Laura Sullivan (State Bar No. 220529)<br>laurasullivan@laurasullivanlaw.com<br>423 South Estate Drive<br>Orange, CA 92869<br>Telephone: (714) 744-1522<br>Facsimile: (714) 551-7158<br><br>*Attorneys for Defendant FinWise Bank* | HUDSON COOK<br>Mark Rooney (*Admitted Pro Hac Vice*)<br>mrooney@hudco.com<br>1909 K Street, NW 4th Floor<br>Washington, DC 20006<br>Telephone: (202) 223-6930<br>Facsimile: (202) 223-6935<br><br>*Attorneys for Defendant FinWise Bank* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDERICK SIMS, an individual, on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>OPPORTUNITY FINANCIAL, LLC, a Delaware Company, d/b/a OPPLOANS, FINWISE BANK, a Utah Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: 4:20-CV-04730-PJH<br><br>*Assigned to the Honorable Phyllis J. Hamilton*<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date: March 18, 2021<br>Time: 2:00 PM<br>Courtroom: 3, 3rd Floor<br><br>Date Action Filed: May 11, 2020<br>Date Removed: July 15, 2020<br>FAC Filed: September 1, 2020<br><br>Trial Date: TBD |

JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and Local Rule. 16-9, Plaintiff Frederick Sims ("Plaintiff") and Defendants Opportunity Financial, LLC ("OppLoans") and FinWise Bank ("FinWise") (together, "Defendants") (collectively "the Parties"), by and through their respective counsel, submit the following Joint Case Management Statement in advance of the Parties' March 18, 2021 Initial Case Management Conference.

## I. JURISDICTION AND SERVICE

This Court has removal jurisdiction over this case pursuant to 28 U.S.C. § 1441(a). As set forth in OppLoans' Notice of Removal, this Court has both diversity jurisdiction and federal question jurisdiction over this case. (*See* ECF No. 1, ¶¶ 16-24). The parties agree venue is proper in this District—as the Northern District of California is the district within which the original state court action was pending—and that there are no issues with respect to personal jurisdiction. At this time, the parties are unaware of any remaining parties to be served.

## II. FACTS

**Plaintiff's statement:**

Plaintiff, a disabled veteran of the United States Army, while living in Oakland on a fixed income of pension, social security and/or disability benefits, obtained a $1,500 loan on or around February 14, 2020, carrying an interest rate of over 160%. Plaintiff's First Amended Complaint ("FAC") ¶ 3. The loan was obtained through the Opportunity Financial, LLC "Opploans" ("Opploans") website (FAC ¶¶ 24, 72-75, 92-97, 126, 141, 152, 173, 176), in reliance on various representations by Opploans which led Plaintiff to reasonably believe that Opploans would be his lender, and they treat "customers like family." FAC ¶ 73. Throughout the entire process, Plaintiff never dealt with anyone but Opploans. At all relevant times, Opploans has been and has disclosed the fact that it is a licensed Finance Lender (FAC ¶¶ 17, 36, 74) which must comply with the California Finance Lenders Law ("CFL"), including the provisions barring unconscionable contracts, prohibiting subterfuge and evasion, and setting interest rate caps at less than 30%, well below the 160% charged Mr. Sims. Cal. Fin. Code § 22000 et seq. (the "CFL"). FAC ¶¶ 3-4, 6, 92, 96, 135, 152, 170, 172.

Instead of complying with the law, Opploans contracted with Defendant FinWise Bank ("FinWise") to attempt to evade the law by placing FinWise's name on the loan agreement alongside Opploans' name without informing Plaintiff of the material fact that, if left unchallenged, the consequence would be to "allow" Opploans to charge many multiples of the rate cap and other restrictions. FAC ¶¶ 6, 72-78, 94-96, 173, 201-04. While on the loan agreement the name "FinWise Bank" does appear in the box entitled "Lender" on the loan agreement next to Opploans' name, the nature of the relationship, the identity of FinWise, and most importantly the adverse consequence of adding FinWise, an entity with which Plaintiff never had direct contact, is and was never explained. FAC ¶¶ 6, 24. Rather, the loan agreement describes a situation more-or-less consistent with what Plaintiff expected based upon Opploans' representations: that Opploans would conduct all lending functions. Exh. A to FAC. While the exact nature of the deal between Opploans and FinWise (collectively the "Defendants") is not publicly available, Plaintiff has alleged on the available information that the Defendants have some species of prearranged deal by which FinWise appears as the nominal lender but puts no actual money at material risk, conducts no lending functions, such as origination, underwriting, servicing, marketing, or collections, and owns no material portion of the loan or the profits therefrom, rather obtaining some kind of per-loan fee to borrow their name and charter to effect the attempted evasion of the law. FAC ¶¶ 22-24, 67, 76, 77. Plaintiff has alleged that the entire purpose of this deal is to evade and violate the law for anti-consumer and unfair competition purposes. FAC ¶¶ 25, 70, 80, 86, 90, 141, 173, 191. Plaintiff has additionally alleged that, as a matter of fact and notwithstanding the representations to the contrary in the text of the loan agreement, Defendants condition the extension of credit upon the preauthorization of electronic transfers in violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693k(1) (the "EFTA"). FAC ¶¶ 86, 100, 105, 180-82, 229-35.

**Defendants' statement:**

Plaintiff is a California resident who obtained a loan from FinWise, a federally insured, state-chartered bank located in Utah.  Plaintiff attached his Promissory Note and Disclosure Statement ("loan

agreement") to the original Complaint in this case. (ECF No. 1-1, Compl. Ex. A.)[1] The loan agreement defines "Lender," "we," and "us" to mean "FinWise Bank, an FDIC-insured bank located in Utah." (*Id.*) It then provides that FinWise will "extend credit" to Plaintiff by "initiat[ing] a transfer of funds to the bank account you have identified for this purpose in the process of applying for credit . . . ." (*Id.*) Further, Plaintiff "promise[d] to pay [FinWise] the principal sum of $1,500 plus interest until the loan is fully paid." (*Id.* ¶ 3.)

Despite his agreement with FinWise, Plaintiff alleges that OppLoans, not FinWise, is the true "finance lender" of his loan. (FAC ¶ 21.) According to Plaintiff, OppLoans and FinWise have "conspired" to "evade" California's maximum interest rates by allowing OppLoans to "rent" FinWise's state charter to make loans at rates permissible for FinWise, but not OppLoans. (*Id.* ¶¶ 21-22, 64-68.) In purported support of this claim, Plaintiff alleges that OppLoans "immediately" purchases loans made by FinWise and is a service provider to the bank, assisting with underwriting, marketing, servicing, and collections. (*Id.* ¶¶ 21-22, 24, 67.) In addition, Plaintiff alleges "on information and belief" that Defendants conditioned his extension of credit on an agreement to repay it through recurring electronic funds transfers. (*Id.* ¶¶ 107-108). He makes this allegation even though the loan agreement plainly provides in all-caps that he was "NOT REQUIRED . . . TO AGREE TO MAKE AUTOMATED PAYMENTS TO OBTAIN A LOAN FROM US," (Compl. Ex. A. at 2), and expressly permits him to pay by "paper check" (*id.* at ¶ 5).

Based on these allegations, Plaintiff claims that Defendants violated the "unlawful," "unfair," and "fraudulent" prongs of California's unfair competition law ("UCL"), as well as the Utah Consumer Credit Code. He also seeks declaratory relief. The basis for each of these claims is Plaintiff's allegation that his purported true lender, OppLoans, charged him interest that exceeds the maximum rates permitted under California and Utah law, including limitations in the CFL and purported limits imposed by Utah's unconscionability doctrine. (*See, e.g.*, FAC ¶¶ 34-45.) Plaintiff further contends that

---

[1] Plaintiff inadvertently failed to attach Exhibit A to the FAC, even though it is referred to throughout the FAC. (*See, e.g.,* FAC ¶¶ 80, 92, 112 (citing to the loan agreement as Exhibit A); *see also id.* ¶ 6 (claiming a copy of the loan agreement is "attached hereto as Exhibit A," when it is not.).) However, it was attached as Exhibit A to the original complaint, which can be located on the docket at ECF No. 1-1.

Defendants misrepresented and omitted information regarding, among other things, the true lender of his loan, the interest-rate limitation applicable to his loan, and the legality of the interest rate charged. (*See, e.g.*, *id.* ¶¶ 72-78.)  Finally, Plaintiff alleges that by purportedly conditioning his loan on an agreement to pay by recurring electronic payments, Defendants violated the EFTA. (*Id.* ¶¶ 105-108).

Defendants moved to dismiss the FAC in its entirety.  As set forth in the motion:

- Plaintiff's state-law claims fail as a matter of law because they are preempted by Section 27 of the Federal Deposit Insurance Act ("FDIA") and federal banking regulations, which permit state-chartered banks such as FinWise to lend up to the rate permitted in the state in which they are located and expressly preempt contrary laws in other states.  12 U.S.C. § 1831d(a); *See generally* Motion to Dismiss First Amended Complaint, ECF No. 28 at § III.B.

- Even if Plaintiff's state-law claims are not preempted, they fail independently as a matter of California and Utah law.  *Id.* at §§ III.C.1-3.

- Plaintiff's sole federal claim for relief for violation of the Electronic Fund Transfer Act ("EFTA") fails as a matter of law because Plaintiff has not alleged facts sufficient to state a claim.  *Id.* at §§ III.C.4.

This Court heard argument on the motion on February 11, 2021 and took the matter under submission.

### III.  LEGAL ISSUES

**Plaintiff's statement:**

The principal legal issues are:

a. Whether the interest rates charged on the Consumer Loans were in excess of the cap set by Cal. Fin. Code § 22303 and §22304.5;

b. Whether Defendants' conduct violated the California Finance Code;

c. Whether Defendants' conduct violated the unfair, unlawful and/or fraudulent prongs of the California Unfair Competition Law (UCL);

d. Whether Defendants' conduct violated the False Advertising Law;

e. Whether the interest rates charged on the Consumer Loans were usurious, excessive, unfair and/or unconscionable under California Law;

  f. Whether the interest rates charged on the Consumer Loans were usurious, excessive, unfair and/or unconscionable under Utah Law;

  g. Whether public injunctive relief is appropriate; and

  h. Whether declaratory relief is appropriate.

**Defendants' Statement:**

The principal legal issues are:

  a. Whether Section 27 of the FDIA and federal banking regulations expressly and/or impliedly preempt Plaintiff's California and Utah law claims.

  b. Whether Plaintiff's loan is statutorily exempt from California's usury laws because it was made by a state-chartered bank.

  c. Whether Plaintiff's Utah law unconscionability claims fail as a matter of law because his loan was originated at a rate expressly permitted by Utah law.

  d. Whether Plaintiff's EFTA claim fails because his extension of credit was not conditioned on repayment through electronic funds transfers.

**IV. MOTIONS**

  Defendants moved to dismiss Plaintiff's original complaint on August 19, 2020. On September 1, 2020, Plaintiff exercised his right to amend as a matter of right and filed the FAC. Defendants moved to dismiss the FAC on October 7, 2020. The motion was heard and submitted on February 11, 2021. To the extent the motion is denied, all parties anticipate moving for summary judgment or for partial summary judgment.

**V. AMENDMENT OF PLEADINGS**

  Plaintiff filed his FAC on September 1, 2020. Without the benefit of formal discovery, Plaintiff does not anticipate any further amendments at this time.

**VI. EVIDENCE PRESERVATION**

  The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### VII.  DISCLOSURES

The parties agree to exchange Rule 26(a) disclosures on or before April 1, 2021.

### VIII.  DISCOVERY

Given the case's procedural posture, discovery has not yet commenced. No interrogatories or other discovery requests have been served. Further, the contours of discovery will be influenced by the Court's ruling on Defendants' motion to dismiss Plaintiff's Amended Complaint, and the contents of Defendants' answers to the operative complaint (to the extent the motion is not granted).

**1. Electronically Stored Information**

If electronically stored information is discoverable, the Parties will meet and confer regarding an appropriate ESI protocol and protective order and mutually establish and agree on search terms and custodians.

**2. Privilege or Protective Order**

The Parties anticipate that Plaintiff may seek to discover documents or communications which contain information that Defendants may deem confidential, proprietary, or private, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties will promptly submit a proposed Stipulated Protective Order for the Magistrate Judge's approval within 30 days upon receipt of Plaintiff's Rule 34 requests and will use the Magistrate Judge's template to fashion a suitable Protective Order.

**3. Limitation on Discovery**

The Parties do not anticipate the need for any limitations on discovery beyond those set forth in the Federal Rules of Civil Procedure. The Parties will meet and confer in good faith to resolve any disputes, should they arise. As necessary, the Parties also will work in good faith to establish protocols sufficient to address health and safety concerns relating to COVID-19, particularly as they relate to depositions and court appearances, and will coordinate regarding the need, if any, to adjust the deadlines to account for any judicial or governmental orders related to COVID-19.

4. **Plaintiff's anticipated discovery**

To obtain discovery supporting merits discovery, Plaintiff will serve requests for production, interrogatories, requests for admission, and conduct depositions of Defendant's personnel and persons most knowledgeable. Discovery efforts will relate to the interest rates of loans Defendants offer, the default rates, Defendants' cost of borrowing, Defendants' advertising practices, and any other information relevant to an unconscionability analysis as well as violations of the unfair, unlawful, or fraudulent prongs of California's Unfair Competition Law and False Advertising Law.

5. **Defendants' anticipated discovery**

Defendants anticipate serving written discovery and taking depositions on the factual bases for Plaintiff's claims, including but not limited to the circumstances surrounding his application for a loan from FinWise. Defendants reserve the right to take discovery on additional topics, but the scope and nature of that discovery depends on the Court's ruling on the motion to dismiss.

IX. **CLASS ACTIONS**

While Plaintiff does seek public injunctive relief, this is not a class or representative action and therefore this section is not applicable.

X. **RELATED CASES**

The Parties are not aware of any related cases or proceedings within the meaning of Local Civil Rules 3-12 or 3-13. The parties are aware of a number of relevant proceedings filed on behalf of state attorneys general challenging the federal rulemaking at issue in this case including the FDIC "valid when made" rule, the OCC "valid when made" rule, and the OCC "true lender" rule:

- California ex rel Xavier Becerra et al. v. Office of the Comptroller of the Currency, 20-CV-5200 (N.D. Cal. Jul. 29, 2020)
- California ex rel Xavier Becerra et al. v. Fed. Deposit Ins. Corp., 20-CV-5860 (N.D. Cal. Aug. 20, 2020)
- People of the State of New York et al. v. Office of the Comptroller of the Currency et al., 1:21-CIV-00057 (S.D.N.Y. Jan. 5, 2021)

The parties agree these are not "related cases" within the meaning of Local Civil Rules 3-12 and 3-13 because they do not involve the same parties, property, transaction, or events.

## XI. RELIEF

**Plaintiff's statement**:

Plaintiff seeks predominantly prospective, public injunctive relief in order to protect the general public from continuing deceptive and unlawful business practices from which both Plaintiff and the general public remain at risk of further injury. Plaintiff additionally seeks damages, restitution, monetary and injunctive relief and attorney's fees under California, Utah, and federal law on an individual basis.

**Defendants' statement**:

Defendants do not seek relief, but seek a judgment in their favor and associated costs and fees to which they are entitled.

## XII. SETTLEMENT AND ADR

Given the early stage of this litigation, no settlement discussions have taken place. The parties have stipulated to appear at a settlement conference, and are scheduled to appear before Magistrate Judge Corley for a settlement conference on May 11, 2021.

## XIII. MAGISTRATE JUDGE

The Parties do not consent to a magistrate judge presiding over all aspects of this case, including trial.

## XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

After conducting formal discovery, the Parties will meet and confer to determine if it is appropriate to stipulate to relevant facts as part of any summary judgment proceeding. Given the individual nature of this case, the Parties do not believe bifurcation of any issue would promote judicial economy.

## XVI. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this matter is suitable for the Expedited Trial Procedure described in General Order No. 64.

## XVII. SCHEDULING

The parties propose the following dates and deadlines pursuant to this Court's Standing Order:

| | |
|---|---|
| Deadline to amend complaint and add new parties | August 19, 2021 |
| Non-Expert Discovery Cutoff<br>• Requests for Admissions<br>• Requests for Production of Documents<br>• Depositions (limited to <u>10 depositions</u> per party under Rule 30)<br>• Interrogatories (limited to <u>25 interrogatories</u> per party under Rule 33)<br>• Subpoenas to Third Parties | January 25, 2022 |
| Initial Expert Disclosure | March 8, 2022 |
| Rebuttal Expert Disclosure | April 19, 2022 |
| Expert Discovery Cutoff | May 24, 2022 |
| Last Date to File Dispositive Motions | June 16, 2022 |
| Last Date to Hear Dispositive Motions | July 28, 2022 |
| Deadline to Meet and Confer re: Pretrial Conference Statement | 35 days prior to PTC |
| Deadline to File Pretrial Conference Statement, Trial Briefs, Motions in Limine, and other documents described in Civil Pretrial Instructions §(B)(3)(a) | 28 days prior to PTC |
| Deadline to File Oppositions to Motions in Limine and Counter Deposition Designations | 14 days prior to PTC |
| Final Pretrial Conference ("PTC") | 14 days prior to Trial |
| Trial | On or after October 17, 2022 |

## XVIII. TRIAL

### A. Trial Estimate

The Parties believe that five to seven days will be required for trial to present fact and expert witness testimony and contemplate calling no more than 10 witnesses total. However, the Parties

9
JOINT CASE MANAGEMENT STATEMENT

acknowledge that this estimate may change after the court rules on the merits and expert witness discovery have been completed. Defendants do not demand a jury trial.

### B. Trial Counsel

At trial Plaintiff anticipates being represented by his counsel of record, Caleb Marker, Flinn T. Milligan with Mr. Marker serving as lead trial counsel.

Defendant OppLoans' trial counsel will be James R. McGuire, Michael Rome, and Lauren Erker.

Defendant FinWise's trial counsel will be Mark Rooney.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has not filed the "Certification of interested Entities or Person" required by Civil Local Rule 3-15.

Plaintiff is unaware of any persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendants are aware of no potentially interested parties required to be identified beyond what is set forth in their Certifications of Interested Parties filed on July 16, 2020 and July 17, 2020. *See* ECF Nos. 4 and 8.

### XX. PROFESSIONAL CONDUCT

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### XXI. OTHER MATTERS:

There are no other issues affecting the status or management of the case and parties have no proposal concerning severance, bifurcation or other ordering of proof.

|   |   |   |   |
|---|---|---|---|
| 1 |  |  | ZIMMERMAN REED LLP |
| 2 | Date: March 11, 2021 | By: | /s/ Caleb Marker |
| 3 |  |  | Caleb Marker |
|   |  |  | Flinn T. Milligan |
| 4 |  |  | Arielle Canepa |
|   |  |  | 2381 Rosecrans Avenue, Suite 328 |
| 5 |  |  | Manhattan Beach, CA 90245 |
|   |  |  | (877) 500-8780 Telephone |
| 6 |  |  | (877) 500-8781 Facsimile |
| 7 |  |  | *Attorneys for Plaintiff* |
| 8 |  |  | BUCKLEY LLP |
| 9 | Date: March 11, 2021 | By: | /s/ Michael Rome    with permission |
| 10 |  |  | James R. McGuire |
|   |  |  | Lauren L. Erker |
| 11 |  |  | Michael A. Rome |
| 12 |  |  | *Attorney for Defendant* |
|   |  |  | *Opportunity Financial LLC* |
| 13 |  |  |  |
| 14 |  |  | HUDSON COOK, LLP |
| 15 | Date: March 11, 2021 | By: | /s/ Mark Rooney    with permission |
|   |  |  | Mark E. Rooney |
| 16 |  |  |  |
| 17 |  |  | *Attorney for Defendant* |
|   |  |  | *FinWise Bank* |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that the concurrence in the filing of this document has been obtained from all signatories above.

                                                /s/ Caleb Marker  
                                                Caleb Marker